## UNITED STATES v. ONE LOT OF PENICILLIN et al.

### Civil Action No. 349.

District Court, S. D. Texas, Brownsville Division.

May 11, 1946.

Brian S. Odem, U. S. Atty., of Houston, Tex., and Chas. C. Bowie, of Brownsville, Tex., for libellant.

W. B. Spell, of McAllen, Tex., for claimant.

HANNAY, District Judge.

On April 20, 1945, application was duly made by the Inspector of Customs at the Port of Hidalgo, Texas, for warrant to detain the property hereinafter described. On the same date order to further detain the property was filed and entered, and on June 6, 1945, the answer, declarations and admissions, and petition for restoration of the property were filed.

Trial was had before the Court, at Brownsville, and at the conclusion of the

testimony the Court took same under advisement.

The question to be determined is whether, under the pleadings and proof, there was probable cause for the detention and forfeiture of 30 boxes of penicillin, and one 1940 Hudson Sedan automobile, motor No. 159547, bearing Mexican license No. S–00–37.

The controlling facts are as follows: On April 11, 1945, at about 12:45 P. M. Dr. Juan Lopez Guzman and Catarino Gonzales Vela, both citizens of Mexico, arrived at the Hidalgo Customs House, in the automobile above described, en route to Mexico from the interior of the United States. They were each asked by the customs guard what they were taking into Mexico from the United States. Each of the occupants of said Hudson automobile declared only a small amount of foodstuff. These statements were untrue. After the foodstuff had been examined by the customs guard, they were each asked if that was all they were exporting, and each replied that it was. These statements were untrue. The Inspector of Customs then instructed that said automobile be brought into the Export Lot adjoining the Customs Station. When the automobile was parked in the Customs Lot, the inspector then asked both Dr. Guzman and Vela what they were exporting to Mexico. Each again stated that the foodstuff was all. These statements were not true. Inspector Boone then asked Dr. Guzman, "Where is the medicine?" Dr. Guzman then produced two boxes of penicillin from his pockets. The inspector then asked Dr. Guzman if that was all, and Dr. Guzman then produced another three boxes of penicillin from his pockets. The inspector then asked Vela what he had, and Vela produced from his pockets fifteen boxes of penicillin. Vela stated that the fifteen boxes, plus the five boxes Dr. Guzman had produced, constituted the entire amount of penicillin in their possession. A search of the automobile was then made by Inspector Boone, and an additional ten boxes of penicillin was discovered concealed behind the instrument board of the car.

The claimant, Dr. Guzman, is and was at all times material hereto, a Doctor of Medicine, in charge of the public health department in Reynosa, Mexico. His companion, Vela, was an inspector in the public health department in Reynosa, Mexico, and under the supervision of Dr. Guzman. All of the penicillin was purchased in McAllen, Texas.

Claimant states that it was his purpose in attempting to export the penicillin to Mexico, to treat patients of his in Mexico, and that the automobile which was seized is urgently needed by him to enable him to answer calls for the treatment of sick people in Mexico.

I find that the application for warrant was based upon probable cause, and that the Inspector of Customs was amply justified in applying for a warrant for the further detention of the property so seized.

The automobile being used in transporting the penicillin was owned by Dr. Guzman, and had a legal Mexican license, but at the time it was seized it contained contraband, to-wit, penicillin, for which no Export License had been obtained. Therefore, by being used as a means of exporting the penicillin in violation of law, the automobile in question was rendered subject to seizure and, thereafter, to forfeiture. The case of United States v. Morachis, 9 Cir., 154 F.2d 918, definitely and clearly decides this point.

It therefore follows that the warrant for further detention was properly granted, and that both the automobile and the penicillin were subject to forfeiture to the United States of America.

Let proper decree be drawn accordingly. The Clerk will notify counsel.