## UNITED STATES v. ONE FORD COUPE et al.
### Civil Action No. 242.

District Court, S. D. Texas, Laredo Division.
July 3, 1946.

Brian S. Oden, U. S. Atty., and J. K. Smith, Asst. U. S. Atty., both of Houston, Tex., for libellant.

Horace C. Hall, of Laredo, Tex., for claimant.

HANNAY, District Judge.

Alleging that an attempt was being made to unlawfully export from the United States one 1937 Ford coupe, motor No. 39169881, 1945 Mexican license No. S–45–27, and the following merchandise:

27 rayon neckties
8 rayon shirts
2 ladies' blouses—rayon
30 men's hose—rayon
1 rayon neck scarf
1 pair rayon men's rayon trousers
38 pair rayon ladies' hose
14 rayon brassiers
3 pieces of rayon ribbons
3 rayon dresses
3 rayon slips
49 miscellaneous pieces of clothing, chiefly of cotton and wool,

the United States, as Libellant, seeks to condemn and forfeit said car and merchandise.

Libellant acted with due diligence in filing the necessary papers which, if the allegations set forth therein are true, would entitle Libellant to the relief sought.

Briefly stated, the facts relied on by the United States are as follows:

On April 22, 1945, Felix Espinoza was observed by a Customs Patrol Inspector under circumstances which aroused such inspector's suspicion. Said inspector kept Espinoza under observation and saw him take one suit case and two zipper bags out of the Greyhound bus station, in Laredo, Texas, and walk one block north and one block west, where he waited. About twenty minutes later the Ford coupe in question, driven by Jesus Cardenas (a brother of claimant herein), who was accompanied by Rafael Hernandez Valencia, both residents of Nuevo Laredo, Republic of Mexico, picked up said Espinoza and the luggage and proceeded to San Augustin Plaza, in Laredo, Texas. At that point Espinoza left the car and proceeded on foot to the international bridge, to cross into Mexico, taking with him one zipper bag. An inspection of this bag disclosed only personal effects of very small value.

The car, with Jesus Cardenas and Rafael Hernandez Valencia, approached the American end of the international bridge, en route to Mexico. Both Cardenas and Valencia were questioned by the customs

guard on duty and directly asked what they were taking with them into Mexico. Both replied that they were taking nothing with them. The men were then ordered to drive the car into the export lot for closer inspection. A search being made, there was discovered, hidden back of the seat of said car, one suit case and one zipper bag, both covered over with a piece of curtain. An inspection of the suit case and zipper bag revealed a large amount of rayon wearing apparel, fully set out above.

Finding that an attempt was being made to violate the Export Control Laws of the United States, the Customs Patrol Inspector proceeded to the Greyhound bus station and seized the other suit case. This suit case was later claimed by Felix Espinoza, who admitted the ownership of the clothing, and produced from such suit case three large envelopes containing price tags which had been removed from the new clothing and hose.

Thereafter the Acting Inspector of Customs, having probable cause for such belief, timely instituted legal proceedings and seasonably took all necessary steps for the purpose of securing forfeiture of the above described automobile and clothing.

Claimant herein asserts that he had loaned the Ford coupe involved herein to his brother, Jesus Cardenas, on the occasion in question for the purpose of using same on several errands. Claimant says that he did not know that his brother would attempt to come into the United States, or tha he would do anything illegal if he did come.

Claimant, Juan Cardenas, as well as his brother, Jesus Cardenas, and Rafael Hernandez Valencia, are all civil employees of the Mexican Customs Department.

Under the above facts, I find that the automobile was being used for the purpose of illegally exporting into Mexico from the United States, merchandise for which an Export License was required, and that no such license had been obtained for such exportation.

I, therefore, find that the Ford coupe, the correct motor number of which, as shown by the evidence, is 18–3916988, as well as the merchandise hereinabove fully described, are subject to, and same are hereby forfeited to the United States. Compare United States v. Morachis, 9 Cir., 154 F.2d 918. I further find that there was not only probable cause for the detention of said automobile and merchandise, but the proof is convincing that there was a deliberate attempt made to export prohibited articles on the occasion in question.

Let proper decree be drawn. The Clerk will notify counsel.