**UNITED STATES v. ONE 1942 CHEVRO-LET TRUCK et al.**

No. 12029.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1947.

Leavenworth Colby, Atty., Admiralty and Shipping Section, Department of Justice, of Washington, D. C., H. W. Moursund, U. S. Atty., of San Antonio, Tex., and Frank H. Hunter and Holvey Williams, Asst. U. S. Attys., both of El Paso, Tex., for appellant.

Joseph B. Morgan, of El Paso, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

United States Customs officers, stationed at El Paso, Texas, apprehended and detained a 1942 Chevrolet truck, which was being used to convey certain contraband automobile parts and accessories into Mexico, in violation of export control laws. Title VI, Espionage Act of 1917, as amended, 22 U.S.C.A. §§ 401, 403, 404, 405.

At the hearing, the Government offered the following stipulation and agreement between the parties:

"* * * that the property in this case, that is the tires, tubes and gears, were being exported, were about to be exported from the United States of America to the United States of Mexico on the subject 1942 Chevrolet truck, and that no export license therefor had been issued."

Ramon Nevarez, the claimant, and his brother, Bernardo, were the only witnesses who testified. The evidence showed that Ramon and his brother were residents of Mexico, domiciled and engaged in the grain merchandising business at Chihuahua. Ramon owned the business and four trucks, one of which was the Chevrolet in question. He employed his brother, Bernardo, as a driver to receive, haul and deliver needed merchandise for the store, occasionally sending him to El Paso for this purpose. On the day the Chevrolet was seized Ramon had directed Bernardo to drive to El Paso and there purchase for the trucks two new timing gears, and have the two front tires on the Chevrolet recapped. Bernardo did buy the timing gears and have the tires recapped in El Paso, as Ramon directed; in addition he purchased three new truck tires and five new tubes, paying for all these items with money received from the sale of merchandise at Jaurez, Mexico, which money he had there changed into American currency. While Ramon did not instruct his brother to buy the new tires and tubes, it was shown that Bernardo had general authority from his brother to purchase at El Paso whatever he found available and thought his brother needed in the operation of his business at Chihuahua.

The court below found the claimant guilty of exporting prohibited articles without a license, and using the truck for such

purpose; that no export license had been issued for the tires, tubes and timing gears, as required by law, and that they were therefore subject to forfeiture to the United States. However, the court only condemned the tires, gears and tubes, and ordered them forfeited; because of the relatively small value of the contraband merchandise as compared to the value of the truck, the court declined to condemn the truck and decreed that it be returned to the claimant.

The only question with which we are concerned here is whether the vehicle employed in attempting to export merchandise from the United States in violation of the export laws is exempt from forfeiture because the value of the contraband merchandise is only a small fraction of the value of the vehicle.

We are of opinion the trial court erred in failing to condemn and forfeit the truck along with the contraband merchandise. The court's conclusion and decree that the truck should not be forfeited because of the action of the brother, and the "small value of the merchandise" is not warranted by the Act. Title VI, Espionage Act of 1917, 22 U.S.C.A. §§ 401, 403, 404, 405; United States v. Morachis, 9 Cir., 154 F.2d 918. Nothing in the Act gives a court discretion to exclude from forfeiture vehicles which when seized contain contraband merchandise of relatively small value. United States v. One Lot of Penicillin, D.C., 65 F. Supp. 831; United States v. One Ford Coupe, D.C., 66 F.Supp. 713; United States v. One 1942 Model Dodge Sedan, D.C., 66 F.Supp. 758.

The only discretion granted to courts in such cases is to be found in Section 405 of the Act. Where the vehicle is being used in transporting to a foreign country contraband goods, the court, for good and sufficient reasons, may return the vehicle to the owner or claimant upon the payment of the costs and legal expenses in the case and entering into a good and sufficient bond in double the value of the vehicle in question, conditioned on the express provision that such vehicle will not be used or permitted to be used again in violation of the Espionage Act. In releasing the vehicle here to the claimant the court below did not purport to exercise the discretion granted by Section 405 of the Act. It did not refer to that provision nor did it exact the required bond against further unlawful use of the vehicle.

It therefore follows that both the contraband merchandise and the vehicle were subject to forfeiture to the United States, and the court erred in restoring the truck to claimant.

Reversed and remanded.